**This order is SIGNED.**

**Dated: May 16, 2025**

_____
**PEGGY HUNT**
**U.S. Bankruptcy Judge**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>SALEE AMINA MOHAMMED,<br><br>Debtor. | Bankruptcy Case No. 25-21265<br><br>Chapter 13<br><br>Honorable Peggy Hunt |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
ORDER STRIKING OR, ALTERNATIVELY, DENYING
DEBTOR'S MOTION FOR RELIEF AND RECONSIDERATION FROM
ORDER OF 4/23/25 DENYING MOTION TO VACATE DISMISSAL**

The matter before the Court is a *Motion for Relief and Reconsideration from Order of 4/23/2025 Denying Motion to Vacate Dismissal* (the "**Motion to Reconsider**"),[1] filed by the Debtor. Based on the Motion to Reconsider, the papers filed in support of the Motion to Reconsider outlined below, the record in this case and the applicable law, the Court makes these findings of fact and conclusions of law.[2] Any of the findings of fact are also deemed, to the extent appropriate, to be conclusions of law, and any conclusions of law are similarly deemed to be findings of fact and shall be equally binding as both.

### I.    JURISDICTION AND VENUE

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(a) and 1334(b), as well as the District Court's *Order of Reference* at DUCiv R 83-7.1. The Motion to Reconsider may be heard and determined by this Court's entry of a final order

---
[1] Dkt. No. 33.
[2] *See* Fed. R. Civ. P. 52, made applicable in this case pursuant to Fed. R. Bankr. P. 9014(c).

1

because this matter is a core proceeding as it arises under the Bankruptcy Code and arises in this bankruptcy case, and is defined as a core proceeding in 28 U.S.C. § 157(b)(2)(A).[3]

Venue of this case in this district is proper pursuant to 28 U.S.C. § 1408.

## II.     FINDINGS OF FACT

The Debtor filed a *Voluntary Petition* seeking relief under Chapter 13 of Bankruptcy Code[4] on March 14, 2025.[5] She is not represented by counsel.

It is undisputed that when the Debtor filed her Petition, she did not file a certificate (a "**Credit-Counseling Certificate**") from an approved nonprofit budget and credit counseling agency certifying that prior to the filing of her case she received, among other things, a briefing outlining the opportunities for available credit counseling required under § 521(b) ("**Credit-Counseling**") to make her eligible to be a debtor under the Bankruptcy Code pursuant to § 109(h)(1). Rather, in the Petition, signed by the Debtor under penalty of perjury, the Debtor checked a box stating in relevant part that:

> I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.[6]

("**Temporary Waiver Certification**"). Thus, the Debtor was asserting additional time to do the required Credit-Counseling. This type of waiver is allowed under § 109(h)(3) if the elements of that subsection are met. The Debtor was instructed, consistent with § 109(h)(3), to attach a "separate sheet" to the Petition to support the Temporary Waiver Certification, explaining efforts she made to obtain Credit-Counseling, why she was unable to obtain it before she filed for bankruptcy, and what exigent circumstances required her to file her Chapter 13 case.[7] No separate sheet was attached to the Petition. Furthermore, the Debtor did not file with her Petition a motion requesting an extension of time to do Credit-Counseling under § 109(h)(3) as required under Rule 1007(b)(3)(C) and

---

[3] 28 U.S.C. § 157(b)(1).
[4] 11 U.S.C. § 101 *et seq*. Statutory references are to title 11 of the United States Code unless stated otherwise.
[5] The Debtor disclosed that she previously filed bankruptcy in 2023 in the Central District of California. *See* Dkt. No. 1 (Voluntary Petition, Part 2, ¶ 9). That case, also filed under Chapter 13, was dismissed on Jan. 8, 2025. *Notice of Debtors Prior Filings*, Dkt. entry dated March 17, 2025. As in this case, the Debtor's prior case was dismissed because she did not comply with § 109(h). *See* Case No. 23:17991-WB (Bankr. C.D. Cal.), Dkt. No. 25.
[6] Dkt. No. 1 (Voluntary Petition, Part 5, ¶ 15).
[7] *Id*.

(c)(3) of the Bankruptcy Rules[8] and Local Rule 1007-1(e)(2) (a "**Counseling Extension Request**").

Notably, the Petition also includes an alternative box for the Debtor to certify that she is "not required to receive a briefing about credit counseling because of: . . . ☐ Disability. . . ."[9] The Debtor chose not to check this box, instead making the Temporary Waiver Certification. Therefore, she did not seek to waive the Credit-Counseling requirement under § 109(h)(4) (a "**Counseling Waiver**"). Furthermore, the Debtor did not file a motion for a Counseling Waiver as instructed in the Petition and as required under Bankruptcy Rule 1007(b)(3)(C) and (c)(3) and Local Rule 1007-1(e)(3).

Because there was no Credit-Counseling Certificate, Counseling Extension Request or request for a Counseling Waiver, the Debtor was not eligible to be a debtor in bankruptcy under § 109(h). On April 2, 2025, the Court entered an *Order of Dismissal for Failure to Comply with 11 U.S.C. § 109(h)* (the "**Dismissal Order**").[10]

The Debtor first moved to vacate the Dismissal Order pursuant to a *Motion to Vacate Dismissal*[11] that is supported by attached documents and *Supplemental Exhibits*[12] filed after (collectively, the "**First Motion**"). The First Motion does not address the issues outlined above that resulted in entry of the Dismissal Order.[13] Included in the Supplemental Exhibits are unauthenticated documents and portions of documents suggesting the Debtor's medical conditions from 2002 to 2024.

The Debtor filed a *Notice of Hearing* with the First Motion.[14] The Notice did not include a hearing date or objection deadline, and there was no certification that the First Motion had been served. To accommodate the *pro se* Debtor, the Court scheduled a hearing on the First Motion for April 23, 2025.[15] The Chapter 13 Trustee objected to the First Motion.[16]

---

[8] References to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.
[9] Dkt. No. 1 (Voluntary Petition, Part 5, ¶ 15).
[10] Dkt. No. 13. The Dismissal Order referenced Local Rule 1007-1(d). Rule 1007-1(e) is the correct reference.
[11] Dkt. No. 23.
[12] Dkt. No. 30.
[13] The Debtor claimed her filing fee was paid and she had not received the Dismissal Order or a *Deficiency Notice* that had been issued by the Court. *See* Dkt. No. 6. She also asserted that if her case was not reinstated she would incur loss because, among other things, her personal belongings would be sold. Dkt. No. 23, p. 2.
[14] Dkt. No. 22. The Notice also included an objection to a *Motion to Dismiss* filed by the Chapter 13 Trustee. *See* Dkt. No. 11.
[15] Dkt. No. 24.
[16] Dkt. No. 31.

The Court held the scheduled hearing by video conference on April 23, 2025. Approximately 20 minutes prior to the hearing, the Debtor filed a document entitled *ADA Supplement to Motion to Vacate Dismissal; Request to Waive Credit Counseling or Extend Time to Comply, per Federal Rule 60, ADA & ADAA § 385.208 Extensions of Time (Rule 2008),*[17] asserting for the first time, among other things, that her medical conditions allowed for a Counseling Waiver.

The Debtor signed into the video conference and made an appearance on behalf of herself. A good part of the hearing involved the Debtor making arguments and responding to the Court's questions. At the conclusion of the hearing, the Court denied the First Motion without prejudice because the case was properly dismissed and urged the Debtor to obtain counsel. The Court held that the Debtor was not eligible to be a debtor under § 109(h)(1) because she had not obtained prepetition Credit-Counseling. Additionally, she could not be a debtor because she had not made a Counseling Extension Request or shown any basis to support her Temporary Waiver Certification. The Court did not address a Counseling Waiver because it was not asserted in the Debtor's Petition and had not been raised timely. The Court noted, however, that the Debtor's appearance and performance at the hearing indicated that she was not disabled within the meaning of § 109(h)(4). An *Order Denying Debtor's Motion to Vacate Dismissal* was entered on April 25th (the "**April 25th Order**").[18]

The present Motion to Reconsider is the Debtor's second attempt to vacate the Dismissal Order. She argues that the April 25th Order was incorrectly entered because the Court did not understand the severity of her medical conditions and made an "unreasonable assessment of Debtor's degree of disability . . . ."[19]

The Debtor requested a hearing on the Motion to Reconsider and was assigned May 14, 2025. After obtaining a hearing date, the Debtor did not file and serve a notice of hearing required under Local Rules 9013-1(d)(1) and 9036-1.[20] It is unclear whether the Motion to Reconsider was properly served.[21] To accommodate the *pro se* Debtor, the

---

[17] Dkt. No. 32.
[18] Dkt. No. 37.
[19] Motion to Reconsider, Dkt. No. 33, p. 3.
[20] There is a notation at the top of the Motion to Reconsider titled "Notice of Motion for Relief from Order of Apr 23, 2025." Motion to Reconsider, p. 1. This notation does meet the requirements of a notice of hearing. *See* Fed. R. Bankr. P. 9036; Local Rules 9013-1(d) (incorporating Local Form 9013-1) and 9036-1.
[21] *See* Dkt. No. 34 (Proof of Electronic Service (Motion to Reconsider was served by gmail and excluding some persons the Debtor identified as persons to receive notice)); Dkt. No. 46 (Certificate of Service); *see also* Fed. R.

4

Court noted on the docket that a hearing on the Motion to Reconsider would be held on May 14, 2025.[22] No objection to the Motion to Reconsider was filed.

On May 12, 2025, two days prior to the scheduled hearing, the Debtor filed three documents entitled: *Argument: Grounds for Granting Waiver – Re: Motion for Relief From an Order of Denial of Motion to Vacate Dismissal of Bankruptcy (4/23/25); Supplement 1 Motion for Relief and Reconsideration from Order Denying Motion to Vacate 25 CFR § 581.6, Federal Rule 60, Rule 59(b), ADA & ADAA 42 USC §12101, 11 USC §109(h)(3)A(i), 11 USC § 109(h)(3)B, 11 USC § 109(h)(4); Supplement 2 – Motion for Relief from an Order of Denial (Apr 23, 2025) of Motion to Vacate Dismissal of Bankruptcy --- and Relief from Unfair Dismissal of Bankruptcy, Apr. 2, 2025.*[23] Approximately 2 hours prior to the start of the May 14th hearing, the Debtor emailed a document titled *Reconsideration of Waiver of Requirement of Credit Counseling, and for Reinstating the Bankruptcy.*[24] These documents set forth, among other things, additional statements about the Debtor's medical condition and do not address the basis of the Dismissal Order and the April 25th Order.

The Court held the scheduled hearing on May 14, 2025 by video conference. The Debtor checked into the video conference prior to the hearing but was not present when the Court's calendar commenced and did not reconnect by the time her case was called. As a result, the Court struck the Motion to Reconsider and, alternatively, denied it.

### III. CONCLUSIONS OF LAW

**A. The Motion to Reconsider Must be Stricken**

Pursuant to Local Rule 9073-1, "failure to appear at a hearing may be deemed . . . a waiver of the motion by the movant." Because the Debtor failed to appear at the time appointed for the hearing on her Motion to Reconsider, the Court deems the motion waived. Accordingly, the Motion to Reconsider must be stricken.

---

Bankr. P. 9013(b); Local Rules 9004-1(a)(1) (caption), Local Rule 9013-1(l) (requiring a certificate of service to substantially comply with Local Form 9013-3).
[22] Docket Entry dated May 12, 2025.
[23] Dkt. Nos. 47- 49.
[24] Dkt. No. 50. This document, along with a document titled "Motion for Continuance, Due to Medical Impediment & Hospitalization," was emailed to the Court prior to the hearing and filed with the Court after the hearing. *See* Dkt. No. 51. The Court does not accept emailed documents for filing but nonetheless reviewed them prior to the hearing. The Court denied the motion for continuance. *See Order Striking Debtor's Motion for Continuance, Due to Medical Impediment & Hospitalization*, Dkt. No. 53.

### B. Alternatively, the Motion to Reconsider Must be Denied

The Motion to Reconsider is made under Federal Rule of Civil Procedure 60, made applicable to this case by Bankruptcy Rule 9024.[25] The Debtor does not articulate the subsection of Rule 60 she is relying on. Reviewing Rule 60 and the arguments the Debtor made at the April 23rd hearing, the Court deems the Motion to Reconsider to be a motion seeking relief under Rule 60(b)(1) or (b)(6), which state:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . . or
>
> (6) any other reason that justifies relief.

There is no basis to afford the Debtor relief from the Dismissal Order or the April 23rd Order under Rule 60(b)(1) or (6).

### 1. Rule 60(b)(1) Does Not Afford the Debtor Grounds for Relief

Based on the arguments made by the Debtor at the April 23rd hearing and the papers that the Debtor has filed as outlined above, the Court believes that the Debtor may be arguing that she should be afforded relief from the April 25th Order (and, ultimately, the Order for Dismissal), because there has been a mistake. This is not so.

Relief from an order based on mistake is only appropriate in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."[26] Here, there was no mistake by a party or the Court that would afford grounds for relief under Rule 60(b)(1).

Excusable litigation mistakes by a party are mistakes that "a party could not have protected against, such as counsel acting without authority."[27] A party who "simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot

---

[25] The Debtor also raises Fed. R. Civ. P. 59, made applicable in bankruptcy under Fed. R. Bankr. P. 9023. The Motion to Reconsider is properly considered under Rule 60(b).
[26] *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir. 1999).
[27] *Id.*

later . . . turn back the clock to undo those mistakes."[28] Unrepresented parties cannot claim mistake because they did not know or understand the applicable law.[29]

Here, the Debtor made mistakes that she could have protected against. Sections 109(h) and 521(b) of the Bankruptcy Code expressly require individuals (1) to obtain prepetition Credit-Counseling and file a Credit-Counseling Certificate, or (2) timely assert and prosecute either a Counseling Extension Request under § 109(h)(3) or a Counseling Waiver under § 109(h)(4). Additionally, § 109(h), Bankruptcy Rule 1007(b)(3) and (c)(3) and Local Rule 1007-1(e) set clear procedures related to Credit-Counseling. Section 109(h)(1) plainly states that an individual may not be a debtor under the Bankruptcy Code unless items (1) or (2) above are met. When an individual may not be a debtor under § 109(h), the bankruptcy case must be dismissed.[30] That the Debtor misunderstood these express provisions of the applicable law or failed to predict the legal consequences of her acts or omissions may not be remedied under Rule 60(b)(1).

Furthermore, the Court did not make a substantive mistake of fact or law. There is no dispute that the Debtor did not engage in prepetition Credit-Counseling. Although the Debtor made a Temporary Waiver Certification in her Petition, she neither attached a separate sheet to her Petition nor filed with her Petition a Counseling Extension Request under § 109(h)(3), Bankruptcy Rule 1007(b)(3)(C) and (c)(3) and Local Rule 1007(e)(2). A Certification Waiver was not requested by the Debtor prior to entry of the Dismissal Order – indeed, the Debtor chose under penalty of perjury to make a Temporary Waiver Certification instead – and she did not follow any of the procedures to request a Certification Waiver as instructed in the Petition[31] and as required under § 109(h)(4), Bankruptcy Rule 1007(c)(3) or Local Rule 1007-1(e)(3). Accordingly, the Dismissal Order was properly entered because the Debtor was not able to be a debtor under the Bankruptcy Code pursuant to § 109(h)(1).[32]

---

[28] *Id.*

[29] *See In re Wallace*, 298 B.R. 435, 440 (B.A.P. 10th Cir. 2003) ("Ignorance of the rules or of the law is not enough to excuse a party's compliance with court rules or orders."); *see also* Local Rule 9011-2 ("An individual appearing without an attorney will be expected to be familiar with and must comply with" all applicable rules and standards. "Failure to comply with this rule may be grounds for dismissal of a case . . .").

[30] *See* Local Rule 1007-1(e)(1); *In re Giles*, 361 B.R. 212, 215 (Bankr. D. Utah 2007) (Dismissing a debtor's case because "a debtor may not comply with § 109(h) unless he or she receives credit counseling within 180 days of filing, or qualifies for a specific exception under § 109(h)."). The Court in *Giles* noted that some courts strike a debtor's petition for non-compliance with § 109(h) instead of dismissing the case, but declined to address the issue and dismissed the case. *Id.*, at 215, n.13. This Court also will not address the issue at this time.

[31] *See* Dkt. No. 1 (Voluntary Petition, Part 5, ¶ 15) ("If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.").

[32] *See* Local Rule 1007-1(e)(1); *Giles*, 361 B.R. at 215.

Even if the First Motion or the Motion to Reconsider could be viewed as a late Counseling Extension Request, the Debtor did not establish the factors in § 109(h)(3)(A)(i) – (iii) that may have allowed her an extension of time to do Credit-Counseling. The papers filed on April 23rd through May 14th also do not establish that the Debtor was eligible for a Certification Waiver because she was "so physically impaired as to be unable, after reasonable effort, to participate in . . . in person, telephone, or Internet" Credit-Counseling.[33] Taking the papers attached to the Debtor's various filings at face value, they could be said to show that the Debtor has numerous medical issues, but they do not establish that the Debtor is disabled within the meaning of § 109(h)(4). The fact that the Debtor signed into a video conference at both the April 23rd and May 14th hearings shows that she can participate in a telephone or Internet briefing. The Court, therefore, did not make a factual or legal mistake warranting reconsideration of the April 23rd Order and dismissal of her case. Furthermore, a Certification Waiver may only be allowed after "notice and hearing. . . ."[34] Therefore, it is unlikely the Court could have allowed a Certification Waiver based on the First Motion or the Motion to Reconsider due to the notice and service issues outlined above.

For all these reasons, the Court must deny the Motion to Reconsider to the extent it is made pursuant to Rule 60(b)(1).

### 2. Rule 60(b)(6) Does Not Afford the Debtor Grounds for Relief

In addition to the reasons stated in subsections (1) through (5) of Rule 60, subsection (b)(6) allows relief from an order for "any other reason that justifies relief." This Rule "should be liberally construed when substantial justice will . . . be served," but relief under Rule 60(b)(6) "is extraordinary and reserved for exceptional circumstances. . . ."[35] "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[36]

There are no "exceptional circumstances" in this case to afford the Debtor relief under Rule 60(b)(6). As set forth above, the Debtor may not be a debtor under the plain

---

[33] 11 U.S.C. § 109(h)(4).
[34] *Id.*; *see* Local Rule 1007-1(e)(3)(C).
[35] *Johnson v. Spencer*, 950 F.3d 680, 700-01 (10th Cir. 2020) (quoting *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)).
[36] *U.S. v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

terms of § 109(h)(1) and, therefore, her case was properly dismissed. That the Debtor did not understand the law or take appropriate actions to comply with the law does not allow for extraordinary relief. The Motion to Reconsider asks the Court to revisit issues already addressed as part of the April 23rd Order and advances arguments that could have and should have been raised earlier. Rule 60(b)(6) does not apply and the April 23rd Order as well as the Dismissal Order stand.

## IV.    CONCLUSION

For the reasons stated, the Motion to Reconsider should be stricken or, alternatively, denied. An Order is entered herewith.

--END OF DOCUMENT--

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing *Findings of Fact and Conclusions of Law in Support of Order Striking or, Alternatively, Denying Debtor's Motion for Relief and Reconsideration from Order of 4/23/25 Denying Motion to Vacate Dismissal* shall be served on the parties in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users.

- Lon Jenkins tr    ecfmail@ch13ut.org, lneebling@ch13ut.org
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Aaron M. Waite    aaronmwaite@agutah.gov

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

    Salee Amina Mohammed
    1729 Mohawk Circle
    Salt Lake City, UT 84108